# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Crim. No. 17-61-LPS |
| ANGEL VELEZ-ENCARNACION, JOSE SANTOS-MATOS, and WILFREDO GARCIA-ALICEA, | : |
| Defendants. | : |

## MEMORANDUM ORDER

Pending before the Court are Defendant Angel Velez-Encarnacion's ("Velez") Omnibus Pre-Trial Motion (D.I. 37), which consists of 11 parts, and Defendant Wilfredo Garcia-Alicea's ("Garcia") Motion for Leave to Join and Adopt Co-Defendants' Motions (D.I. 58), Motion for Early Release of Jencks Act Material (D.I. 59), Motion for the Production of 404(b) Evidence (D.I. 60), and Motion to Preserve and Produce Notes (D.I. 61). Defendant Jose Santos-Matos ("Santos") has joined in all pending motions. (D.I. 66, 80) The government responded to these motions on April 9, 2018 ("Response"). (D.I. 77) On May 16, 2018, Velez filed a reply brief. (D.I. 98)

**IT IS HEREBY ORDERED** that:

1. Velez's Omnibus Pre-Trial Motion (D.I. 37) is **GRANTED IN PART** and **DENIED IN PART**, as explained herein.

   A. Part XI, Motion for Leave to Join Co-Defendants' Pre-Trial Motions, is **GRANTED**.

   B. Based on the government's representations in its Response, the following

parts are **DENIED WITHOUT PREJUDICE**: Motion for Bill of Particulars (Part I), Motion for Additional Discovery (Part II), Motion for Disclosure and Production of Informants and Witnesses (Part III), Motion for Preservation and Production of Agents' Rough Notes (Part IV), Motion for Disclosure of 404(b) Material (Part V), Motion for Specific *Brady* Disclosures (Part VIII), Motion for Severance Prejudicial Joinder (Part IX), and Motion in Limine (Part X).

    C.    For the reasons stated below, Velez's Motion to Suppress Physical Evidence (Part VI) is **DENIED** and his Motion to Suppress Statements (Part VII) is **DENIED WITHOUT PREJUDICE**.

    2.    Garcia's Motion for Leave to Join and Adopt Co-Defendants' Motions (D.I. 58) is **GRANTED**.

    3.    Based on the government's representations in its Response, Garcia's Motion for Early Release of Jencks Act Material (D.I. 59), Motion for the Production of 404(b) Evidence (D.I. 60), and Motion to Preserve and Produce Notes (D.I. 61) are **DENIED WITHOUT PREJUDICE**.

    4.    Velez moves to suppress physical evidence seized in the course of a search, based on his contention that the authorities who executed the search warrant violated his Fourth Amendment rights in their performance of the search. In particular, Velez asserts that (a) "[t]he authorities did not announce their purpose for being at the premises," (b) the authorities "forcibly opened the door to the premises" two to three seconds after announcing themselves, (c) "[t]he occupants of the premises were not afforded an opportunity to voluntarily admit the authorities," (d) the authorities had "no reason to believe that [they] were being denied entry, or that evidence was being destroyed," and (e) "[t]here were no exigent circumstances to justify forcible entry into

the premises." (D.I. 37 at 4-5) However, as the government states (D.I. 77 at 4-5), suppression of evidence is not an appropriate remedy for knock-and-announce violations (even assuming there were such violations). *See Hudson v. Michigan*, 547 U.S. 586, 594 (2006) ("What the knock-and-announce rule has never protected, however, is one's interest in preventing the government from seeing or taking evidence described in a warrant. Since the interests that were violated in this case have nothing to do with the seizure of evidence, the exclusionary rule is inapplicable."); *United States v. Briggs*, 347 Fed. App'x 750, 753 (3d Cir. 2009); *United States v. Davis*, 2013 WL 3958804, at *5-6 (D. Del. July 30, 2013). Even if suppression was an available remedy, the government has demonstrated that a no-knock entry was permitted, because the authorities had a "'reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime.'" (D.I. 77 at 5) (quoting *Richards v. Wisconsin*, 520 U.S. 385, 394 (1997)). Here, the authorities' no-knock entry was permissible, because (a) arrests of all co-defendants were being done simultaneously and extra time would have given Velez a chance to warn the others, (b) the known layout of the apartment created a heightened safety risk, and (c) the phone that the investigators were after could have been destroyed (and was indeed snapped in half). (*See id.* at 5-6) Velez did not respond to the government's arguments regarding this motion in his reply brief.

5. Velez also moves to suppress statements he made while in custody after being advised of his *Miranda* rights. (D.I. 37 at 5-6) Velez asserts that he declined to make a statement and requested counsel, but that authorities elicited statements in violation of his Fifth and Sixth Amendment rights. (*See id.*) A videotape of Velez's interview shows that a DEA

3

agent read Velez his *Miranda* rights in Spanish, Velez waived them verbally and on a written "Advice of Rights" form in Spanish, and he did not invoke his right to remain silent or his right to an attorney. (*See* D.I. 77 Ex. 3; *see also id.* at 7-8) In his reply brief, Velez asserts that he "could not knowingly, intelligently, and voluntarily waive the privilege against self-incrimination as well as the right to counsel," because "he was under the influence of controlled substances."[1] (D.I. 98 at 1)

6. Velez requests an evidentiary hearing on this motion. (*See id.* at 2) Evidentiary hearings on a motion to suppress "are not granted as a matter of course." *United States v. Hines*, 628 F.3d 101, 105 (3d Cir. 2010). "To require a hearing, a suppression motion must raise issues of fact material to the resolution of the defendant's constitutional claim." *Id.* (internal quotation marks omitted). "A motion to suppress requires an evidentiary hearing only if the motion is sufficiently specific, non-conjectural, and detailed to enable the court to conclude that (1) the defendant has presented a colorable constitutional claim, and (2) there are disputed issues of material fact that will affect the outcome of the motion to suppress." *Id.*

7. A defendant may waive his *Miranda* rights "provided the waiver is made voluntarily, knowingly and intelligently." *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). A statement is made voluntarily "when it is the product of an essentially free and unconstrained choice by its maker, . . . it was the product of a rational intellect and a free will, and . . . the [defendant's] will was not overborne." *United States v. Andrews*, 231 Fed. App'x 174, 176 (3d Cir. 2007) (internal quotation marks omitted). Many federal courts apply a test of coherence (or

---

[1] Velez also asserts that "[t]here may be other reasons, which [he] has not yet wholly articulated [to his counsel], that caused [his] statement to be not knowing, voluntary, and intelligent." (D.I. 98 at 1) The Court can give no weight to this vague suggestion.

4

an understanding of what is happening) when determining whether a person is too affected by drugs to voluntarily and intelligently waive his rights, and courts routinely deny suppression motions despite the defendant being under such an influence when waiving his rights. *See United States v. Adamson*, 2008 WL 167299, at *7 (E.D. Pa. Jan. 16, 2008) (citing cases). If the drug usage had the effect of overcoming the defendant's free will, then the statements made after the waiver of rights may be suppressed. *See United States v. Phuong Le*, 2011 WL 913260, at *3 (E.D. Pa. Mar. 11, 2011). However, "a self-supporting claim of intoxication, standing alone, is insufficient to prove that statements made to police were involuntary." *Id.* at 4. Here, Velez has not presented specific facts supporting his conclusory claim that he could not have voluntarily waived his rights since he was under the influence of controlled substances. Without more, the Court denies Velez's request for an evidentiary hearing and denies the motion without prejudice. If Defendant can identify disputed facts in support of a colorable claim for suppression, he may file another motion.

June 7, 2018
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT COURT